## Delaware River Bridge. Petition of the City of Philadelphia.

*A. T. Ashton*, City Solicitor, for petition.

MARTIN, P. J., July 2, 1929.—In the consideration of this question, attention must be given to a resolution proposing an amendment to the Constitution of

the Commonwealth of Pennsylvania and the certificate of its adoption, as follows:

Office of the Secretary of the Commonwealth of Pennsylvania.

No. 2.

A JOINT RESOLUTION

Proposing an amendment to article nine, section eight, of the Constitution of Pennsylvania.

Section 1. Be it resolved, by the Senate and House of Representatives in General Assembly met, That the following amendment to the Constitution of Pennsylvania be, and the same is, hereby proposed, in accordance with the eighteenth article thereof. . . .

That article ix, section 8, be amended to read as follows:

Section 8. The debt of any county, city, borough, township, school district or other municipality or incorporated district, except as provided herein, and in section fifteen of this article, shall never exceed seven (7) per centum upon the assessed value of the taxable property therein, but the debt of the City of Philadelphia may be increased in such amount that the total city debt of said city shall not exceed ten per centum (10) upon the assessed value of the taxable property therein, nor shall any such municipality or district incur any new debt or increase its indebtedness to an amount exceeding two (2) per centum upon such assessed valuation of property without the consent of the electors thereof at a public election in such manner as shall be provided by law. In ascertaining the borrowing capacity of the City of Philadelphia at any time, there shall be deducted from such debt so much of the debt of said city as shall have been incurred, or is about to be incurred, and the proceeds thereof expended, or about to be expended, upon any public improvement or in the construction, purchase or condemnation of any public utility, or part thereof, or facility therefor, if such public improvement or public utility or part thereof, whether separately or in connection with any other public improvement or public utility, or part thereof, may reasonably be expected to yield revenue in excess of operating expenses sufficient to pay the interest and sinking fund charges thereon. The method of determining such amount so to be deducted may be prescribed by the General Assembly.

In incurring indebtedness for any purpose, the City of Philadelphia may issue its obligations maturing not later than fifty (50) years from the date thereof, with provisions for a sinking fund sufficient to retire said obligations at maturity, the payment to such sinking fund to be in equal or graded annual or other periodical instalments. Where any indebtedness shall be or shall have been incurred by said City of Philadelphia for the purpose of the construction or improvements of public works or utilities of any character from which income or revenue is to be derived by said city, or for the reclamation of land to be used in the construction of wharves or docks owned or to be owned by said city, such obligations may be in an amount sufficient to provide for, and may include the amount of, the interest and sinking fund charges accruing, and which may accrue thereon throughout the period of construction and until the expiration of one year after the completion of the work for which said indebtedness shall have been incurred; and said city shall not be required to levy a tax to pay said interest and sinking fund charges as required by section ten, article nine of the Constitution of Pennsylvania, until the expiration of said period of one year after the completion of said work.

CLARENCE J. BUCKMAN,
President pro tempore of the Senate.
ROBERT S. SPANGLER,
Speaker of the House of Representatives.

Office of the Secretary of the Commonwealth of Pennsylvania.

Pennsylvania, ss.:                                Harrisburg, July 9, 1926.

I Do Hereby Certify, That the foregoing and annexed is a full, true and correct copy of a resolution of the General Assembly proposing an amendment to the Constitution of the Commonwealth, which was passed at the Sessions of 1917 and 1919 and submitted to a vote of the people at the General Election held on Tuesday, November second, 1920. The proposed amendment was adopted by a vote of 373,643 for the Amendment and 144,512 against the Amendment. On December seventh, 1920, the Governor issued a Proclamation declaring the adoption of the said Amendment by a vote of the qualified electors of the Commonwealth at the election

held on Tuesday, November 2, 1920, as the same appears of record and remains on file in this office.

In Testimony Whereof, I have hereunto set my hand and caused the seal of the Secretary's Office to be affixed, the day and year above written.

[Seal]    GEO. D. THORN,
Deputy Secretary of the Commonwealth.

This amendment to the Constitution is contained in Pamphlet Laws, 1919, page 1238. In determining the borrowing capacity of the City of Philadelphia, it is therein provided:

In ascertaining the borrowing capacity of the City of Philadelphia at any time, there shall be deducted from such debt so much of the debt of said city as shall have been incurred, or is about to be incurred, and the proceeds thereof expended, or about to be expended, upon any public improvement, or in the construction, purchase, or condemnation of any public utility, or part thereof, or facility therefor, if such public improvement or public utility, or part thereof, whether separately or in connection with any other public improvement or public utility, or part thereof, may reasonably be expected to yield revenue in excess of operating expenses sufficient to pay the interest and sinking fund charges thereon. The method of determining such amount so to be deducted may be prescribed by the General Assembly.

The Delaware River Bridge Commission, created by Acts of Assembly of the Commonwealth of Pennsylvania and the State of New Jersey, met in December of 1919 and proceeded to construct a Delaware River bridge connecting the Cities of Philadelphia and Camden. The bridge was opened to traffic on July 1, 1926. There has been expended, for its construction and the acquisition of the real estate necessary for its approaches, a sum total of $36,555,531.30.

From certain loan bills of the City, an aggregate in the sum of $10,315,-779.33, made up as follows, was for the Delaware River Bridge:

Loan Bill of 1920    $6,000,000.00— $250,000.00 for the bridge
Loan Bill of 1920    33,000,000.00— 500,000.00 for the bridge
Loan Bill of 1922    1,050,000.00—1,050,000.00 for the bridge
Loan Bill of 1923    67,250,000.00—6,423,000.00 for the bridge
Loan Bill of 1924    35,726,000.00—2,092,779.33 for the bridge

Out of these various loans of the City of Philadelphia for the construction of the bridge, there is an unexpended balance of $292,141.55, and, in addition thereto, there is the sum of $150,253.16 set aside as a reserve for property claims.

On July 2, 1926, the Bridge Commission started to collect toll. The City of Philadelphia has since collected the following share of the toll:

July 2nd,    1926, to December 31st, 1926......$236,670.01
January 1st, 1927, to June 30th,        1927...... 215,999.01
July 1st,    1927, to December 31st, 1927...... 307,481.46
January 1st, 1928, to June 30th,        1928...... 266,201.16
July 1st,    1928, to December 31st, 1928...... 346,098.05
January 1st, 1929, to approx. June 30, 1929...... 325,000.00

It is testified that the City of Philadelphia should receive approximately for the year 1929 the sum of $661,000 from the Delaware River Bridge. It is further testified that the business is growing; that last Sunday (June 23, 1929) there were 64,337 automobiles on the bridge; that the capacity is 110,000 automobiles and that if the portion of the bridge now reserved for trolley tracks be covered with concrete, it will almost double the carrying capacity of the bridge.

Each and every loan for the construction of the bridge contains a tax, which is levied contemporaneously with each loan, sufficient in amount to take care of the interest on the loan and the sinking fund charges. This is in accord-

ance with article xv, section 3, of the Constitution, which is as follows: "Every city shall create a sinking fund, which shall be inviolably pledged for the payment of its funded debt."

Neither the constitutional provision nor the Statute of May 21, 1921, P. L. 1054, stipulates that the moneys invested in this bridge construction, and so to be deducted in computing the borrowing power of the City of Philadelphia, must be segregated for the extinguishment of the debt.

The tax heretofore levied is sufficient in amount to discharge the interest and sinking fund expense of each and every Delaware River Bridge loan as it accrues. That being so, it is not necessary that the proceeds of the Delaware River Bridge revenues, allocated to the City of Philadelphia, be segregated and set aside for the extinguishment of the debt.

And now, to wit, July 2, 1929, it is ordered and decreed that the total amount of loan money borrowed by the City of Philadelphia and invested in, or about to be invested in, the Delaware River Bridge, being the sum of $10,-784,662, may be deducted from the indebtedness of the said City of Philadelphia in ascertaining its borrowing capacity, as provided in section 8, article IX of the Constitution of the State of Pennsylvania; such deduction is to be in addition to, and not inclusive of, other deductions heretofore authorized to be made from the debt of the said City in calculating its borrowing power by reason of investments of borrowed money in other improvements from which net revenue is receivable sufficient to pay the interest and sinking fund charges upon the borrowed money so invested.